## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 20 2015, 7:00 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Yvette M. LaPlante
Keating & LaPlante
Evansville, Indiana

ATTORNEY FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana
Indianapolis, Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tony R. Johnson, Jr.,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | May 20, 2015<br><br>Court of Appeals Case No.<br>82A04-1409-CR-425<br><br>Appeal from the Vanderburgh<br>Circuit Court<br><br>The Honorable Kelli E. Fink,<br>Magistrate<br><br>Cause No. 82C01-1401-FA-104 |

**Mathias, Judge.**

[1] Following a jury trial, Tony Johnson ("Johnson") was convicted in Vanderburgh Circuit Court of Class D felony criminal gang activity and Class D felony criminal recklessness. On appeal, Johnson claims that the evidence was insufficient to support his conviction.

[2] We affirm.

## Facts and Procedural History

[3] During the early morning hours of January 25, 2014, Timothy Rice ("Rice") was sitting alone inside a friend's car parked in a parking lot behind Hammerhead Bar in Evansville. Rice was drinking vodka inside the car and remained in the car for approximately thirty minutes. Two Evansville police officers, Officer James Delano ("Officer Delano") and Officer Justin Wuertz, ("Officer Wuertz") sat in their police cruiser across the street from the parking lot, because it was "an area that whenever the bar lets out where [they] usually [had] problems." Tr. p. 197. Around 2 a.m., the officers observed Johnson and two other men, later identified as Torrance Mimms ("Mimms") and Luther Lawton ("Lawton") approaching the parking lot where Rice's car was parked. Each of the three men withdrew handguns and began to fire at Rice, who had exited the vehicle and was walking towards the entrance to the bar. One of the bullets passed through Rice, entering at his lower back and knocking him to the ground. Rice stood and started to run towards the bar to get help.

[4] The officers exited their car, drew their guns, and ordered the three men to drop their weapons. The three men ran away from the officers, abandoning their guns as they fled. Lawton separated from the other two, and Johnson and Mimms jumped into a white SUV parked on the street in front of the bar. The SUV sped away, and the officers followed it on foot then radioed its description and location to dispatch. The SUV was soon stopped by other officers on patrol nearby. Johnson and Mimms were identified and arrested. Lawton was also

apprehended after he approached the SUV on foot. Meanwhile, Rice was taken to the hospital where he underwent surgery and spent seven days in recovery.

[5] At and around the scene of the shooting, officers discovered four handguns[1] and twenty-four spent casings and observed damage consistent with gunfire to nearby buildings and vehicles. The police also acquired security camera footage that captured the shooting.

[6] On January 27, 2014, Johnson was charged with Class A felony attempted murder and Class D felony criminal gang activity. Two days later, the State added a charge of Class D felony criminal recklessness. Johnson requested a speedy trial, and a jury trial was held from July 28, 2014, to July 30, 2014.[2] At trial, Detective Crystal Thomas ("Detective Thomas") with the Evansville Vanderburgh County Gang Unit testified that Johnson is part of a local group known as 300 Wag Block, formed around 2003 by people who live near 300 Waggoner Avenue on the south side of Evansville, and that Rice is a member of a rival group called Savage Life. Detective Thomas stated that the Evansville Police Department became aware of the existence of the 300 Wag Block group when they began to receive numerous reports of incidents of violence and property damage in the 300 Waggoner Avenue area. Detective Thomas testified that police officers investigating the group had observed street fights between 300 Wag Block and Savage Life where members of the groups yelled things like

---

[1] The record indicates that Lawton may have been carrying two guns.

[2] Johnson's trial was initially scheduled for April 7, 2014, but was continued several times upon Johnson's motion.

"300" or "Savage." She reported that members of both 300 Wag Block and Savage Life use hand signals, nicknames, and tattoos to indicate their affiliation with their respective groups.

[7] Two former members of 300 Wag Block testified that the group began a rivalry with Savage Life two or three years prior and that Johnson and Mimms are "protectors" within 300 Wag Block. They described a hierarchy within the group, including protectors, or people responsible for protecting others in the group, and members responsible for handling money earned by those in the group.

[8] The State also introduced recordings of phone calls made by Johnson while incarcerated, wherein Johnson referenced a rivalry with Savage Life and Rice's affiliation with Savage Life and indicated that he plans to settle his "beef" with Rice "in the street." Tr. pp. 489-99. Other evidence submitted by the State included a photograph of Rice displaying the Savage Life hand signal and a video of Johnson and Mimms displaying 300 Wag Block hand signals and using the label "Block Boys." Tr. pp. 511-12.

[9] The jury found Johnson not guilty of attempted murder and guilty of Class D felony criminal gang activity and Class D felony criminal recklessness. Johnson filed a Motion to Correct Error challenging his criminal gang activity conviction, which the trial court denied.

On August 29, 2014, Johnson was sentenced to three years executed in the Department of Correction for each of the two convictions, to be served concurrently with each other but consecutive to a sentence in another cause.

Johnson now appeals.

## Discussion and Decision

Johnson contends that the evidence is insufficient to support his criminal gang activity conviction. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. *Jones v. State,* 783 N.E.2d 1132, 1139 (Ind. 2003). We look only to the probative evidence supporting the verdict and the reasonable inferences that may be drawn from that evidence to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. *Id.* If substantial evidence of probative value exists to support the conviction, it will not be set aside. *Id.*

To sustain Johnson's conviction for criminal gang activity, the State's evidence must have proved beyond a reasonable doubt that Johnson "knowingly or intentionally actively participat[ed] in a criminal gang." *See* Ind. Code § 35-45-9-3. A "criminal gang" is defined as follows:

> [A] group with at least three (3) members that specifically:
>     (1) either:
>         (A) promotes, sponsors, or assists in; or
>         (B) participates in; or

(2) requires as a condition of membership or continued membership; the commission of a felony or an act that would be a felony if committed by an adult or the offense of battery (IC 35-42-2-1).

I.C. § 35-45-9-1.

[14] The specific intent element requires the State to prove a nexus between Johnson's alleged gang membership and the charged crimes. *See Robinson v. State*, 730 N.E.2d 185, 195 (Ind. Ct. App. 2000).

[15] Johnson contends that the evidence is not sufficient to show (1) 300 Wag Block is a criminal gang as defined by Indiana Code section 35-45-9-1 or (2) that a nexus between the charged crimes and Johnson's affiliation with the group exists. We address each contention in turn.

## I. Existence of Criminal Gang

[16] Johnson argues that "the State failed to prove specific instances wherein 300 Wag Block promoted, sponsored, assisted, or participated in the commission of a felony or required members to commit a felony as a condition of membership." Appellant's Br. at 6. He contends that no evidence exists that "the group promotes violence for any reason other than protection," only that a group of friends and neighbors refer to themselves as "300 Wag Block," provide financial assistance for each other, protect each other, and "generally do not get along with a group of guys who call themselves Savage Life." *Id*. at 7-8.

[17] The evidence most favorable to the conviction reveals that law enforcement has had numerous encounters with the group known as 300 Wag Block and had

observed members of the group fighting with members of Savage Life; that police officers observed both Johnson and Mimms, two of the "protectors" in 300 Wag Block, fire their guns at rival group member Rice; and that Johnson was recorded referring to a rivalry with Savage Life. The State also presented photographs of Rice displaying a Savage Life hand signal, video of Johnson and Mimms displaying 300 Wag Block signals, and testimony from former 300 Wag Block members describing a hierarchy within the group. From this evidence, the jury reasonably concluded that 300 Wag Group is a group with at least three members that promotes, sponsors, assists, requires, or participates in the commission of a felony—in this case, the shooting of Rice. We therefore conclude that the State presented sufficient evidence to prove that 300 Wag Group is a criminal gang.

## II. Nexus

[18] Johnson next argues that the State failed to provide sufficient evidence to show a nexus between the crime and Johnson's membership in 300 Wag Group. *See Robinson v. State*, 730 N.E.2d at 195. Johnson maintains that the shooting of Rice was "reactionary" and not the result of any plan or pressure from other members of the group. Appellant's Br. at 9.

[19] However, the facts most favorable to the jury's verdict show that 300 Wag Block and Savage Life are rival gangs, that Johnson had known Rice for years and knew that he was a member of Savage Life, that Johnson and Mimms were "protectors" of 300 Wag Block, and that Johnson was recorded referring to Rice as part of the "opps," or member of a rival gang. Tr. p. 432. The evidence

also shows that Johnson, Mimms, and Lawton approached Rice while he was alone in a deserted area and that all three men fired guns at Rice repeatedly as he fled. The nature of the attack belies Johnson's claim that it was "reactionary" rather than planned. Under these facts and circumstances, the evidence was sufficient to demonstrate a nexus between the crime and Johnson's gang affiliation.

## Conclusion

[20] For all of these reasons, we conclude that the State provided sufficient evidence to support Johnson's conviction for Class D felony criminal gang activity.

[21] Affirmed.

May, J., and Robb, J., concur.